OPINION
This is an appeal from an order of the juvenile court terminating a shared parenting order and conferring the status of residential parent on the child's father.
The child, Brandon Meyer, was born to Dona Anderson on April 4, 1991. Jeff J. Meyer was determined to be the father. The parties then were residents of California. A California court entered a shared parenting order.
In subsequent years the parties married other persons and relocated. Dona[1] moved to Maryland. Jeff moved to Ohio. The California shared parenting order was registered in Miami County. Pursuant to later modifications of its terms, Brandon lived during the school year with Dona in Hempstead, Maryland, and during summers with Jeff, who now resides in Akron, Ohio.
In 2000, Jeff moved to modify the shared parenting order. He asked the court to reverse the parties' positions by allowing Brandon to live with him during the school year and with Dona during the summer months. Dona opposed the request, and filed her own motion asking the court to restrict Brandon's summer visitation with Jeff.
The motions were referred to a magistrate, who appointed a guardian adlitem for Brandon. Hearings were conducted on both motions. Theguardian ad litem filed a report.
The magistrate entered a decision on August 6, 2001. The decisioncontains forty-four findings of fact. Based on those findings, themagistrate terminated the shared parenting order sua sponte. Themagistrate also designated Jeff as Brandon's residential parent, awardingDona eight weeks of summer visitation.
 Dona filed objections to the magistrate's decision. The trial courtoverruled the objections and adopted the magistrate's decision as its ownorder. Dona filed a timely notice of appeal.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT TERMINATED THE EXISTING SHARED PARENTING PLAN ON ITS OWN MOTION.
The jurisdiction of the court of common pleas and its divisions is determined by legislative enactment. Article IV, Section 4(B), Ohio Constitution.
The jurisdiction of the juvenile court is provided in R.C. 2151.23. Per paragraph (E) of that section, the juvenile court may determine custody of children when that issue is not otherwise granted to a domestic relations court. Per paragraph (F)(1), "the juvenile court shall exercise its jurisdiction in accordance with section(s)3109.04 . . . of the Revised Code." That section provides for allocation of parental rights by domestic relations courts.
R.C. 3109.04(G) allows either parent to file a motion or pleading with the court requesting the court to grant shared parental rights and responsibilities for their child. Pursuant to that section, the parent or parents must present a shared parenting plan, the terms of which
 shall include provisions covering all factors that are relevant to the care of the children, including, but not limited to, provisions covering factors such as physical living arrangements, child support obligations, provision for the children's medical and dental care, school placement, and the parent with which the children will be physically located during legal holidays, school holidays, and other days of special importance.
 Id.
The domestic relations court may terminate a shared parenting order upon the motion of either parent "or whenever it determines that shared parenting is not in the best interest of the child(ren)." R.C.3109.04(E)(2)(c). If the court terminates a shared parenting order, it is required by R.C. 3109.04(E)(1) to then proceed to allocate parental rights and responsibilities according to the standards applicable to paragraphs (A), (B), and (C) of that section.
Notwithstanding the exhaustive list of "factors" which the General Assembly has mandated the court must consider, the domestic relations and juvenile courts possess broad discretion in determining the child's "best interest" with respect to both establishment and termination of a shared parenting order. Therefore, the court's orders will not be reversed on appeal absent an abuse of discretion.
"The term `abuse of discretion' connotes more than an error of law orjudgment; it implies that the court's attitude is unreasonable,arbitrary, or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. In reviewing an abuse of discretion claim, anappellate court should be guided by a presumption that the trial court'sfindings were correct. Miller v. Miller (1988), 37 Ohio St.3d 71.
 R.C. 3109.04(B)(1) requires the court "to take into account that whichwould be in the best interest of the children" when allocating parentalrights and responsibilities. The standards for determining those bestinterests are set out in R.C. 3109.04(F)(1)(a)-(j). In addition tothose, the court must consider the factors in R.C. 3109.04(F)(2)(a)-(e)"[i]n determining whether shared parenting is in the best interest of thechild(ren)." Those factors are:
 (a) The ability of the parents to cooperate and make decisions jointly, with respect to the children;
 (b) The ability of each parent to encourage the sharing of love, affection, and contact between the child and the other parent;
 (c) Any history of, or potential for, child abuse, spouse abuse, other domestic violence, or parental kidnapping by either parent;
 (d) The geographic proximity of the parents to each other, as the proximity relates to the practical considerations of shared parenting;
 (e) The recommendation of the guardian ad litem of the child, if the child has a guardian ad litem.
 The court is further mandated to consider the factors in R.C.3113.215(B)(3) when determining whether shared parenting is in thechild's best interest. Those factors pertain to child support. They arenot involved here because no child support was ordered.
 The general R.C. 3109.04(F)(1)(a)-(j) "best interest" factorsapplicable to every custody determination relate primarily to the healthand well-being of the child and the parents. The R.C. 3109.04(F)(2)(a)-(e)factors set out above relate more specifically to the capacity of theparents to carry out a shared parenting plan.
 "Shared parenting" is the product of efforts to avoid the pain of lossinherent in the sole custody alternative, for both the parents and theirchild. It purports to continue, as nearly as possible, the joint parentand child relationships which exist in a marriage. Successful sharedparenting requires at least two things. One is a strong commitment tocooperate. The other is a capacity to engage in the cooperationrequired. The R.C. 3109.04(F)(2) factors measure both components.
 The magistrate's findings of fact were extensive. They portraylittle, if any, basis to find that shared parenting is not in Brandon'sbest interest on the general factors that R.C. 3104.04(F)(1) sets out.However, they do portray a basis to find that, on the R.C. 3109.04(F)(2)factors that relate to shared parenting in particular, continuation inthis instance is not in Brandon's best interest.
 Shared parenting was first ordered in 1994. Brandon was then threeyears old, and the parents were both in California. Jeff is now inOhio. Dona resides in Maryland. Their respective family commitmentshave drawn them apart to a point that, according to the magistrate'sfinding, they have little or no contact or communication with respect toBrandon's needs.
 Brandon is now eleven years of age. His life and interests are farmore complex and varied than they were when shared parenting was firstordered. They will grow even more so as he passes through his teenageyears. Brandon's needs then will require a degree of stability andcontinuity that, at least as it has developed here, shared parenting doesnot provide.
 Acknowledging these matters, the guardian ad litem recommendedtermination of the shared parenting decree and that Jeff be designatedBrandon's residential parent, granting Dona eight weeks of summervacation and alternative holiday visitation.
 Both Jeff and Dona are loving parents to Brandon. It is a credit tothem and to their love of their child that neither has attempted todisparage the character of the other or Brandon's treatment by theother. Exemplary as they are, however, those matters are outweighed byBrandon's developing needs and the changes in the lives of all three thatthe passage of time has worked.
 This case is one like many others, wherein the emotions andcircumstances that caused parents to establish shared parenting whentheir child was an infant have been superseded by the child's growth anddevelopment as well as by changes in the parents' own lives. Those newmatters now frame the "best interest" inquiry. Applying them here, wecannot find that the juvenile court abused its discretion when itterminated the shared parenting order.
 The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DETERMINED THAT IT IS IN THE BEST INTERESTS OF THE CHILD TO DESIGNATE APPELLEE RESIDENTIAL PARENT WITH VISITATION RIGHTS ONLY TO APPELLANT.
 When a domestic relations court terminates a shared parenting order itmust proceed to then allocate parental rights and responsibilitiespursuant to R.C. 3109.04(A),(B) and (C). The court here did that,designating Jeff as Brandon's residential parent and granting summervisitation rights to Dona. Dona argues that the court abused itsdiscretion in so doing.
 The court was required to determine Brandon's best interest inallocating parental rights and responsibilities. Again, in making thatdetermination the court was required to consider the factors in R.C.3109.04(F)(1)(a)-(j).
 Dona argues that the court misapplied the factor in R.C.3109.04(F)(1)(d), which involves "[t]he child's adjustment to the child'shome, school, and community." Dona argues that Brandon has adjusted wellto living with her in Maryland, and that a change of schools or schooldistricts that his move to Ohio would involve would be detrimental toBrandon's well being. She also suggests that any competing advantagesthe magistrate found in Brandon's living with Jeff relate to Jeff'ssuperior financial status and condition, which the court may notconsider. See R.C. 3109.04(F)(3).
 While the magistrate found that Brandon would have his own room atJeff's home and he is required to share a room at Dona's, that is not asignificant element of the magistrate's decision. The most significantseems to be that, as between two loving parents, Brandon apparentlywishes to spend more time with Jeff than with Dona. That choice waspresumably made with an understanding that a move would take him from hisfriends and to a new school. The choice does not appear to be theproduct of any particular animus toward Dona or the life he enjoys withher. Instead, it is a simple desire to be a part of his father's home andfamily. The court is charged to consider the child's preferencesexpressed in an interview in chambers. R.C. 3109.04(F)(1)b). Brandonexpressed his preference to the guardian ad litem the court appointed,who reported them to the court. We believe that the court could not then have ignored them.
After a careful review of the magistrate's extensive and well-reasoned findings and conclusions, we find that the trial court did not abuse its discretion when it overruled Dona's objections and adopted the magistrate's decision as its own order, designating Jeff the residential parent. The second assignment of error is overruled.
Conclusion
 Having overruled both assignments of error presented, we will affirmthe judgment from which this appeal was taken.
WOLFF, P.J. and BROGAN, J., concur.
[1] For purposes of clarity and economy, the parties will be identifiedby their first names.